UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:07-cr-00055 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| VICTOR H. KOHRING , | ) | [Re:  Motion at doc. 98] |
| | ) | |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 98, defendant Victor H. Kohring moves to dismiss the indictment on grounds that agents of the United States enlisted the efforts of State Senator Fred Dyson to act as a government agent who interfered with Kohring's Sixth Amendment right to counsel.  The United States filed a response at docket 105.  Kohring's motion includes the phrase "Evidentiary Hearing Requested" in the heading.  However, as discussed below, there is no basis for an evidentiary hearing, and one will not be conducted.

## II. DISCUSSION

### A. The Motion is Not Timely

Defendant was arraigned on May 4, 2007.[1] The same day a standard order governing pre-trial proceedings was issued.[2] With respect to pre-trial motions, the order provides in pertinent part as follows:

> Pretrial motions shall be served and filed on or before June 4, 2007. Extensions of time for motion practice will not be granted except for good cause shown. Any motion for a continuance or an extension of deadlines shall set forth the reasons why the moving party believes that the additional time should be allowed by the court . . . .[3]

Upon motion by defendant, trial was continued from July 9 to October 22, 2007,[4] and the deadline for filing pre-trial motions was continued to August 6, 2007.[5] Thereafter, defendant filed a second motion asking to extend the pre-trial motion deadline until August 27, 2007.[6] This request was also granted.[7] No further request to extend the pre-trial motions deadline was ever made.

The pending motion to dismiss the indictment was filed on October 16, 2007, weeks after the time for filing such motions had expired and only six days before trial. The declaration offered in support of the pending motion is that of John Davies.[8] His

---

[1]Doc. 11.

[2]Doc. 16.

[3]*Id.* at p. 1.

[4]2007, Doc. 26.

[5]Doc. 27.

[6]Doc. 29.

[7]Doc. 30.

[8]The declaration was filed as Exhibit B to the motion at docket 92, and is tracked on ECF as document 98-3. The court will refer to all exhibits mentioned by referencing the ECF tracking number. Thus, for example, the declaration will be referenced hereafter as "doc. 98-3."

-2-

declaration addresses events which he says occurred early in the month of June 2007,[9] at which time Mr. Davies was working for defendant Kohring.[10] Mr. Davies' declaration indicates that he was told by Wes Keller, an aide to Senator Dyson, that FBI agent Kepner stopped by Senator Dyson's office, left her business card, and said something to the effect that Kohring should call her, for it would go easier for him is he were to co-operate.[11] According to Davies, he returned to Kohring's office and told Kohring about the conversation with Keller. Kohring then instructed Davies to call Kohring's lawyer, John Henry Browne, and tell him about the encounter, which Davies did.[12] Thus, defense counsel has known about the alleged FBI interference through Senator Dyson since early June of 2007.

Defense counsel had more than two months to investigate this alleged interference with his client's Sixth Amendment rights before the motion deadline was reached. At an absolute minimum, defense counsel could have requested a reasonable extension of the motion deadline to a date that would have given him more time without imperiling the trial date. He did not do so. For the court to accept a pre-trial motion filed on the brink of trial under these circumstances would make a mockery of the court's efforts to provide for the orderly development of the cases on its docket, and stimulate other lawyers to conclude that they may ignore the court's orders with impunity.

The untimely nature of the motion at docket 98 provides sufficient grounds to deny it.

### B. The Motion Lacks Merit

Even were the court to permit Mr. Browne to ignore the court's orders, the outcome would be no different. The motion is without merit.

The motion turns on the proposition that State Senator Fred Dyson was acting as an agent of the government when he passed a message to Mr. Kohring suggesting he

---

[9] Doc. 98-3 at ¶ 6.

[10] *Id.* at ¶ 3.

[11] *Id.* at ¶ 6.

[12] *Id.* at ¶ 7.

-3-

should consider talking to FBI Special Agent Mary Beth Kepner, and that this communication constituted government interference with Mr. Kohring's Sixth Amendment right to counsel. Defendant's motion necessarily fails if Senator Dyson was not acting on behalf of the government with respect to Mr. Kohring.

Kohring's motion is supported by several exhibits. The first exhibit consists of news stories about Senator Dyson;[13] the next is the declaration of John Davies;[14] the next is a photocopy of Special Agent Kepner's business card;[15] the next is a copy of an e-mail exchange between Craig Suffian, who works for defense counsel Browne and Senator Dyson;[16] and the last is a copy of an e-mail exchange between defense counsel Browne and assistant United States Attorney Bottini. News stories do not constitute evidence. But even if they did, what is said in the stories shows only that Dyson cooperated with the FBI in its investigation of Bill Allen. Dyson wore a wire to record conversations with Allen. He also persuaded Allen to talk to the FBI. The news stories report an entirely different situation with respect to Kohring. According to the new stories, Dyson denied that he was acting for the FBI in connection with Kohring.[17]

There is nothing in Davies' declaration which indicates that he has any knowledge of Dyson's status. Furthermore, the statement Davies attributes to Special Agent Kepner is based entirely on hearsay–what Wes Keller allegedly said to Davies. The business card exhibit proves nothing. Senator Dyson's possession of an FBI agent's business card no more supports the inference that Dyson is a government agent than his possession of a doctor's business card would support the inference that Senator Dyson is a physician. Finally, the last two exhibits–the e-mail exchanges–indicate that Dyson was *not* representing the government in connection with

---

[13]Doc. 98-2.

[14]Doc. 98-3.

[15]Doc. 98-4.

[16]Doc. 98-5.

[17]Doc. 98-2 at pp. 2, 3

-4-

Kohring. They provide no support for the motion whatsoever, although they would support the inference that the motion at docket 98 has not been made in good faith.

The evidence supplied with the United States' response[18] conclusively establishes that the motion at docket 98 lacks merit. The United States has provided the declaration of Senator Dyson as an exhibit to its opposition.[19] In the declaration, Dyson avers:

> 2. I consider former Alaska State Representative Vic Kohring a friend. I have known him for many years through my service in the Alaska State legislature.
>
> 3. I became aware in May 2007 that Mr. Kohring has [sic] been charged with violating [federal law]. * * *
>
> 4. In June 2007, I decided to encourage Mr. Kohring to consider contacting the Federal Bureau of Investigation (FBI) to discuss the charges against him. I personally believed that it would be in Mr. Kohring's best interest to understand his options prior to trial. I decided to do this because of my friendship with Mr. Kohring over the years. Accordingly, I asked [my aide Wes Keller] to contact Mr. Kohring or one of Mr. Kohring's staff to pass on my belief that Mr. Kohring should consider contacting the FBI to discuss his options. To that end, I gave Mr. Keller a business card of FBI Special Agent Mary Beth Kepner as a point of contact. I first met Special Agent Kepner in 2006. At that time, Special Agent Kepner gave me a business card and I later provided that card to Mr. Keller. I assumed that if Mr. Kohring chose to meet with the FBI, he would do so with his attorneys.
>
> 5. Special Agent Kepner did not ask me to contact Mr. Kohring or his staff with regard to the criminal charges against him and Special Agent Kepner was not aware that I had any plans to contact Mr. Kohring or his staff regarding his charges or for any other reason. No other government agent or attorney for the United States knew that I had any plans to contact Mr. Kohring or his staff or ever asked me to contact Mr. Kohring about the criminal charges against Mr. Kohring.

---

[18]Doc. 105.

[19]Doc. 105-2.

-5-

The United States has also provided Special Agent Kepner's declaration.[20] In it she confirms that she met Senator Dyson in 2006 and gave him one of her business cards. Her declaration explains why markings on the card constitute circumstantial evidence supporting the proposition that the card was given to Senator Dyson prior to September of 2006. Special Agent Kepner also avers that she never asked Senator Dyson to approach Mr. Kohring or his staff, and confirms that she did not even know that Senator Dyson planned to contact Mr. Kohring or his staff about the criminal investigation of Mr. Kohring.

### C. Evidentiary Hearing Unnecessary

Absent case law squarely in point, the court takes direction from Ninth Circuit cases such as *United States v. Walczak*[21] dealing with when an evidentiary hearing is required in connection with a motion to suppress evidence. Those cases teach that an evidentiary hearing would be required here only if defendant Kohring's motion papers were "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to"[22] Senator Dyson's status as a government agent vis-a-vis Kohring actually exist. Kohring's papers make no such showing. Rather, the motion at docket 98 is manifestly based entirely on conjecture.

### III. CONCLUSION

For the reasons above, the motion at docket 98 is **DENIED** as untimely and without merit. The request for an evidentiary hearing is also **DENIED** for lack of merit.

DATED this 19th day of October 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[20] Doc. 105-3, the original exhibit, was missing a few lines of text, and the complete declaration was re-filed under notice of errata as doc. 107-2.

[21] 783 F.2d 852 (9th Cir. 1986).

[22] *Id.* at 783 F.2d 857.