THE HONORABLE JOHN W. SEDWICK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR HEINZ KOHRING,<br><br>Defendant. | No. CR07-00055-JWS<br><br>DEFENDANT VICTOR KOHRING'S<br>SENTENCING MEMORANDUM |

COMES NOW the Defendant, Victor H. Kohring, by and through undersigned counsel, and submits this memorandum for the Imposition of Sentence Hearing scheduled for May 8, 2008, in the above-captioned matter.

## I. INTRODUCTION

Victor Kohring is before the Court for sentencing pursuant to his adjudication of guilt at jury trial on three of four counts alleged in the First Superseding Indictment. The jury found Mr. Kohring guilty of Count One, Conspiracy to Commit Extortion, pursuant to 18 U.S.C. § 371; Count Three, Attempted Interference with Commerce by Extortion pursuant to 18 U.S.C. §§ 1951(a) and (2); and Count Four, Bribery Concerning Programs Receiving Federal Funds, a violation of 18 U.S.C. §§ 666(a)(1)(b) and (2). The jury acquitted on Count Two, actual interference with commerce by means of extortion pursuant to 18 U.S.C. §§ 1951(a) and (2).

Sentencing is currently set for May 8, 2008 before the Honorable John W. Sedwick. The defense calculates Mr. Kohring's base offense level at 18 and his criminal history at Category I, resulting in an advisory Guidelines range of 27 to 33 months. Mr. Kohring hereby recommends that the Court depart beneath the applicable advisory

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

Guidelines range to impose a split sentence of 16 months- 8 months of incarceration followed by 8 months of probation- and no monetary fine due to his inability to pay.

## II. STATEMENT OF THE CASE

On May 4, 2007, State Representative Victor Kohring was arrested following the return of an indictment charging him with several crimes relating to his legislative relationship with VECO Corporation.  Mr. Kohring pleaded not guilty on all counts and was conditionally released that same day on $20,000 unsecured bond to the U.S. Probation Services Office.  Mr. Kohring complied with all the conditions of his release.

On October 3, 2007, the Government filed its First Superseding Indictment, which alleged identical counts as the original Indictment, but also provided more factual bases for the claims.  At arraignment on October 9, 2007, Mr. Kohring again pleaded not guilty to each count and was released on bond with the previously imposed conditions of release, with which Mr. Kohring again complied.

At the conclusion of an eight day trial, on November 1, 2007, the jury found Mr. Kohring guilty on three of the four counts alleged.

## III. ADVISORY SENTENCING GUIDELINE CALCULATIONS

### A.   Agreed Guideline Calculations

Both parties and the probation department are in agreement as to the following Guidelines calculations:

a.   The base offense level for the underlying offense is 14 pursuant to U.S.S.G. § 2C1.1.                                                           **14**

b.   The offense level warrants a four point increase for the involvement of an elected public official, pursuant to U.S.S.G. § 2C1.1(b)(3).          **4**

---

**Base Offense Level = 18**

Both Probation Services and the defense moreover agree- in contrast to the Government- that due to his financial difficulties, which precipitated the criminal conduct at issue, Mr. Kohring should not be subjected to any monetary penalty.  Under U.S.S.G. § 5E1.2(a), "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."  Given his huge debt, Mr. Kohring is currently unable to pay any fine; in light of his likely incarceration, he will be unable to do so anytime in the near future.

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 2

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

**B.    Objections to the Presentence Report**

On January 14, 2008, the defense filed the following objections to the Probation Services presentence report Guidelines calculations:

    a.   Not one of the allegations predating 2006 and the PPT legislation is relevant conduct for the purposes of sentencing.

    b.   As the proven, illegal activity related specifically to the PPT bill and therefore constituted a series of transactions pertaining to only one, unitary subject matter, any increase pursuant to U.S.S.G. § 2C1.1(b)(1) for multiple acts of bribery or extortion is unfounded.

    b.   The sum total of the payments Mr. Kohring received was significantly less than $5,000 so that a four level increase under U.S.S.G. § 2C1.1(b)(2) is also unwarranted.

## IV.  BOOKER AND THE PROPER SENTENCING PARADIGM

After _United States v. Booker_, the United States Sentencing Guidelines are advisory. 543 U.S. 220, 245 (2005). Pursuant to _Booker_, a sentencing court should treat the guidelines as just one of a number of factors a court must weight in crafting an appropriate and just sentence under a standard of "reasonableness." _Id_. at 262; _accord United States v. Mohamed_, 459 F.3d 979, 986-87 (9th Cir. 2006). Districts courts thus now possess "more discretion to tailor sentences to the individual circumstances of a defendant." _United States v. Trujillo-Terrazas_, 405 F.3d 814, 819 (10th Cir. 2005).

Towards the end of determining a reasonable sentence, 18 U.S.C § 3553(a) requires a court to "impose a sentence sufficient, _but not greater than necessary_, to comply with the purposes set forth in [§ 3553(a)(2) (2)" (emphasis added), a vital directive referred to as the "parsimony provision." Section 3553(a)(2), in turn, states that such purposes are to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes by the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment n the most effective manner.

Section 3553(a) further directs the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 3

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.  Even prior to <u>Booker</u>, the Supreme Court recognized that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue."  <u>Koon v. United States</u>, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 292 (1996).

Now that the Guidelines are advisory and therefore subordinate to 18 U.S.C. § 3553(a) as a whole, a Court should understand the "parsimony provision" in the broader context of assessing how much punishment is fair and reasonable for a particular person in a particular case.  In regards to imprisonment, 18 U.S.C. § 3582(a) states:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

## V.   MR. KOHRING'S TOTAL OFFENSE LEVEL SHOULD BE EIGHTEEN

As stated above, pursuant to U.S.S.G. § 2C1.1, Mr. Kohring's base offender level is 14.  An additional four point increase is warranted by virtue of the fact that Mr. Kohring was an elected official at the time of the offense, pursuant to U.S.S.G. § 2C1.1(b)(3).  The additional upward departures proposed by Probation Services and the government, on the other hand, are inapplicable so that the Court should calculate Mr. Kohring's total offender score as eighteen.

### A.   As the Government Did Not Prove that Mr. Kohring Received or Solicited in Excess of $5,000, an Upward Departure Pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(c) is Inapplicable.

Because the jury convicted Mr. Kohring only of accepting $1,000 in cash and offering his standard assistance to his constituents, "Let me know how I can be of help; please call anytime," any upward adjustment pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(c) based on allegations that Mr. Kohring illegally received or solicited in excess of $5,000 is unwarranted.

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 4

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

1.  <u>Mr. Kohring's Loan Request from Bill Allen is not Criminal Conduct.</u>

First, the government incorrectly argues that the jury found Mr. Kohring's $17,000 loan request from former friend Bill Allen as criminal conduct. The government points to Mr. Kohring's conviction on Count Three as evidence that the government affirmatively proved this allegation during trial, but the fact remains that the jury could have based its adjudication of guilt on Count Three on any singular overt act alleged by the government, especially given the guilty verdict on Count One. See Def. Mot. at Dkt. 177 at 4:17-5:5.

In its Superseding Indictment, the government charged Mr. Kohring in Count Three with Attempted Interference with Commerce by Extortion Induced under Color of Official Right in violation of 18 U.S.C. §§ 1951(a) and (2). As overt acts in support of this charge, the government incorporated the allegations set forth in paragraphs 1 through 10 and 27 through 59, which include accusations of multiple cash payments by Bill Allen in order to influence Mr. Kohring's legislative decisions, that the internship Mr. Kohring's nephew received from VECO was improper, and Mr. Kohring's request for a loan to assist in paying off his $17,000 credit card debt. The government then asserted that the loan request itself constitutes a basis, but not the sole basis, for the Count. The jury thus did not have to find the loan request as criminal conduct in order to return a guilty verdict on Count Three.

The jury instruction itself is enlightening. The instruction states that the jury must find that: 1) Mr. Kohring was a public official; 2) he attempted to obtain property to which he was not entitled, with the jury agreeing on what thing was; 3) there was an understanding that the property was given in exchange for taking some official action; 4) interstate commerce was affected; and 5) Mr. Kohring took a substantial step towards committing the crime of extortion, with the jury agreeing on what constituted the substantial step. Ex. A, Instruction No. 16. In order to convict on Count Three, therefore, the jury could rely on the videotape evidence that Mr. Kohring did in fact accept cash from Bill Allen, or any of the other contentions in paragraphs 27 through 59. The jury did not have to find that the loan request was an overt act.

The government asserts that Mr. Kohring had a "*modus operandi*" in soliciting benefits from Bill Allen, Gov. Mot. at Dkt. 157 at 6, but the fact of the matter is that Mr.

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 5

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

Kohring offered the same assistance to any and all of his constituents, regardless of contributions. Mr. Kohring is widely-known for his accessibility to his constituents and his willingness to assist. His request for a loan from Bill Allen was exactly and simply that- a request for a loan from a friend of many years.

In addition, as the video and audio recordings make explicit, Mr. Kohring clearly asked for a legitimate loan- nothing more. In audio and video footage from March 30, 2006, in Suite 604 of the Baranof Hotel, Mr. Kohring broached the topic of a "personal financial matter that … potentially, could hurt me politically." Mr. Kohring owed $17,000 on a credit card for surgery in the past and visited friends Bill Allen and Rick Smith for help. Mr. Kohring asked about the possibility of a job or a loan, stating that "I wanna do everything, ah, completely above board, of course."

They discuss options, including even the potential terms of a loan, and Allen comments that he would provide assistance, but ethical considerations dictated against such a course. Mr. Kohring then firmly stated that that he would "make sure that everything is done in accordance, ah, with law so nobody gets embarrassed down the road." He further emphasized that he did not "want any freebie from ya," and that he would accept a position only if VECO would benefit from Mr. Kohring's efforts. Mr. Kohring, moreover, was careful to accent, several times, that everything had to be totally legitimate. As Allen and Smith seemed unenthusiastic about helping Mr. Kohring, he dropped the issue and did not bring it up to them again.

Given the lack of proof that this loan request constitutes criminal conduct, the ambiguity in the jury instruction, and Mr. Kohring's conviction on Count One, the loan request is irrelevant for the purposes of sentencing. It is not relevant criminal conduct; the government failed in fulfilling its burden of proof; and the jury did not have to find that the loan request constituted an overt act. Any upward departure based on the $17,000 is therefore unwarranted.

2.   The Government is Precluded from Arguing that the VECO Internship Mr. Kohring's Nephew Received is Criminal Conduct.

As the jury found Mr. Kohring innocent in reference to Count Two- Interference with Commerce by Extortion Induced under Color of Right, pursuant to 18 U.S.C. §§ 1951(a) and (2)- the government is effectively barred from arguing that either the

internship or the compensation the nephew received as a result constitutes criminal conduct. See Def. Mot. at Dkt. 177 at 5:6-13. The nephew received the internship. If this was criminal conduct, the jury would have returned a verdict of guilty on Count Two. The jury found Mr. Kohring innocent on Count Two. The government is therefore precluded from arguing that the internship or the corresponding compensation is relevant for sentencing.

Furthermore, in Count Four- Bribery Concerning Programs Receiving Federal Funds, pursuant to 18 U.S.C. §§ 666(a)(1)(B) and (2)- the government again incorporated the multiple allegations contained in paragraphs 1 through 10 and 27 through 59 of the Superseding Indictment, but also asserted that the loan request and the internship were overt acts. The corresponding jury instruction, however, merely states that the jury need only find that Mr. Kohring solicited, accepted, or agreed to accept something of value, with the jury agreeing upon the nature of the thing of value, in connection with a business in the State of Alaska. Ex. B, Instruction No. 17. Again, all the jury had to find was that Mr. Kohring accepted money from Bill Allen, which was caught on tape. The jury did not have to find that the loan request or the internship constituted overt acts to convict.

Because there is no evidence that the jury found either the loan request or the internship as criminal conduct, an upward departure based on U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(c) is inapplicable. In the absence of the $17,000 figure from the loan request and the unproven approximately $3,000 Mr. Kohring's nephew earned during the VECO internship, and even accepting all other allegations as true, the sum total Mr. Kohring received or solicited amounts to less than the $5,000 required for enhancement under U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(c).

**B.   Given that Any Payments or Benefits to Mr. Kohring Related Directly to the PPT Legislation, a Single Incident, An Upward Adjustment Pursuant to U.S.S.G. § 2C1.1(b) for Multiple Bribes is Improper.**

Under U.S.S.G § 2C1.1(b)(1), a two-level enhancement is warranted only when the offense involved more than one bribe or extortion, which is not the case here. The Commentary to U.S.S.G. § 2C1.1(b)(1) makes clear that related payments "that, in essence, constitute a single incident of bribery or extortion … are to be treated as a single bribe or extortion, even if charged in separate counts." Application Note 2.

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 7

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

Any benefit Mr. Kohring allegedly received or solicited was directly in reference to his support on the PPT legislation. As the government correctly notes, none of the benefits Mr. Kohring supposedly received were tied to performance of *specific* acts- this was not bribery. Gov. Mot. at Dkt. 157 at 3. The jury was not convinced that any of the events predating 2006 were relevant to the charged conspiracy. In fact, the jury was not even convinced that the video of Mr. Kohring accepting money from Bill Allen for a family Easter celebration constituted a bribe. See Ex. C, Anchorage Daily New Article- "Remorseful Juror Contacted Kohring after Verdict."

The jury instructions for all of the counts charged contained the directive that the jury had to agree exactly which conduct was criminal and exactly which property constituted the illegal benefit. As juror Phillip Fritsch revealed to the Anchorage Daily News, "the government only proved one bribe, when Kohring took $1,000 cash from Allen at a pub in Douglas." Id. Given that the jury unanimously agreed upon which conduct was criminal and which property formed the illicit benefit- the $1,000 and the cheeseburgers- the government cannot now assert that all of the other innocent, yet charged, conduct is relevant to sentencing. "Only One Bribe" is the sole and appropriate heading in the Anchorage Daily News Article, id; the Court should heed what the jury actually found- not what the government hoped it proved- and thus deem an upward adjustment for multiple bribes inapplicable.

Based on the above reasoning, Mr. Kohring's total offense score is eighteen with a corresponding Guideline range between 27 and 33 months.

## VI. JUDICICIALLY RECOGNIZED GROUNDS FOR A VARIANCE OR SENTENCE AT THE BOTTOM, OR BELOW, THE GUIDELINE RANGE

After considering the Guideline range and the 18 U.S.C § 3553 factors, the Court has the power to craft a just and reasonable sentence without specific reliance on authority that either permitted or prohibited departure under previous law. Here, the mitigating facts justify a sentence at the bottom of the Guideline range under judicially-established precedent.

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 8

LAW OFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

**A.    Aberrant Behavior**

As the pre-sentence recommendation and the letters from his family and friends indicate, Mr. Kohring's criminal conduct is clearly aberrant behavior in Mr. Kohring's otherwise law-abiding life.

Prior to Booker, a departure from the Guidelines was available when the commission of a crime was aberrant conduct in an otherwise law-abiding life. See United States v. Takai, 941 F.2d 738, 744 (9th Cir. 1991); U.S.S.G. § 5K2.20. Section 5K2.20(b) states  that a downward departure is available under this section if the defendant committed a single criminal occurrence or transaction without significant planning and for a limited duration.   Here, Mr. Kohring was not only acting in accordance with his own ideas of proper legislative duty, but also in accordance with advice from the State of Alaska ethics legislator, with whom he conferred on numerous occasions.  In addition, as mentioned above, the jury found only one bribe so that this was indeed a singular transaction.  Notwithstanding the conduct for which he was found guilty, therefore, Mr. Kohring has no criminal history and his convictions here are indeed an unfortunate and anomalous part of his typically straight and honest life.

**B.    Length of Time Until First Crime/ Age Makes Recidivism Unlikely**

Mr. Victor Kohring is now 49 years old.  This is his first criminal conviction. Even prior to Booker, a Guidelines departure could be warranted because the Guidelines fail to consider the length of time a defendant refrains from commission of his first crime. See, e.g., United States v. Ward, 814 F.Supp. 23, 24 (E.D. Va. 1993) (departure merited as the Guidelines omitted from consideration the length of time a defendant refrains from commission of a crime).  Here, Mr. Kohring did not commit his first criminal act until the age of 49.

Additionally, it is axiomatic that recidivism rates are typically lower for older defendants than for younger defendants; especially, defendants "over the age of forty … exhibit markedly lower rates of recidivism in comparison to younger defendants."  See United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, 12, 28 (2004), available at http://www.ussc.gov/publicat/Recidivism_General.pdf.  Indeed, in the wake of Booker, many courts have explicitly considered age on the ground that older defendants exhibit

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 9

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

markedly lower recidivism rates in comparison to younger defendants. See, e.g., United States v. Vigil, 476 F.Supp.2d 1231, 1316 (D.NM 2007) (recognizing the correlation between age and the risk of recidivism as a mitigating factor); Simon v. United States, 361 F.Supp.2d 35, 40 (E.D.N.Y. 2005) ("Guidelines fail to consider that recidivism drastically declines with the defendant's age.").

The Vigil Court, in analyzing an analogous situation of a public official convicted on charges of corruption, summarized its view of the defendant's characteristics:

> The Court finds that Vigil has a low risk of recidivism because of his age and because of his lack of a prior criminal history. It is also significant that Vigil was convicted of a white-collar crime involving abuse of a public office; it is highly unlikely that Vigil will be able to attain another position that will allow him to commit a similar crime. In addition, there is no evidence that Vigil has a history of violence or a violent demeanor. In sum, the Court believes that there is minimal need to protect the public from further crimes that Vigil might commit.

Vigil, 476 F.Supp.2d at 1316.

The defense therefore requests that the Court take into consideration Mr. Kohring's lack of criminal history; his lengthy career dedicated to the public interest; the fact that his behavior was not deliberately criminal, but rather the result of poor choices and a misunderstanding of the controlling law; the criminal behavior at issue was an aberration in Mr. Kohring's otherwise law-abiding life; and Mr. Kohring has an extremely low risk of recidivism and is an asset- not a danger- to the community.

## VII.   HISTORY AND CHARACTERISTICS OF THE DEFENDANT AND NATURE AND CIRCUMSTANCES OF THE OFFENSE

As the letters in support amply demonstrate, Vic Kohring is an endearing individual who made a serious error in judgment. He did not consciously break the law; rather, he misunderstood controlling federal law and incorrectly believed he could accept gifts from friends during his legislative duties. No benefit Mr. Kohring received or solicited ever impacted his legislative decision-making, for Mr. Kohring, as always, remained steadfast in his beliefs. Ex. D, Letters in Support of Mr. Kohring.

Vic Kohring is a family man and a public servant who devoted more than a decade to the public interest in his role as Alaska State Representative. He is well-known and highly regarded for his accessibility to his constituents and his willingness and ability

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

to labor on their behalf.  See Ex. E, Letter of John Davies.  In fact, Mr. Kohring is most famous for asking, "What can I do for you?" to his constituents and ending his conversations or correspondences with, "Let me know what else I can do for you."  See Ex. F, Letter from Linda K. Anderson Chandler.  The letters are unanimous in lauding Mr. Kohring for his diligence in office and the benefits he brought to the community.

Mr. Kohring now comes before this Court prepared to accept the consequences of his criminal conduct.

**A.      Personal History**

Mr. Kohring was born in Illinois in 1958 and moved with his family to Alaska in 1963.  He graduated from Dimond High School in Anchorage in 1976 and then obtained an associate's degree in business administration from Matanuska-Sustina College in roughly 1985.  Mr. Kohring continued his studies by earning a bachelor's degree in 1987 and an M.B.A. in Management Sciences in 1989, both from Alaska Pacific University.

Prior to entering public service in 1995, Mr. Kohring acquired training and skill in drywall taping and texturing as well as residential electrical work.  From January 1995 to July 2007, Mr. Kohring served as an elected public official in the Alaska State House of Representatives.  Mr. Kohring's sole motivation to enter public office was his desire to do good for the community; in fact, his community requested and endorsed his campaign for office.  See Ex. F.

As a legislator, Mr. Kohring was unyielding in maintaining the firmness of his beliefs.  He consistently supported private enterprise as the backbone of American society and crusaded against large government.  He never voted for a tax increase, including his unchanged vote on the PPT legislation.  In addition, when Mr. Kohring had any concerns about ethical obligations, he referred his questions to the State House ethics legislator.  Mr. Kohring tried valiantly to avoid even the appearance of impropriety and solely by virtue of his naiveté did he get caught up with Rick Smith and Bill Allen.

Vic Kohring is a man less concerned about his own personal welfare than the fortune of his constituents or his family.  He slept in his legislative offices during the legislative session so that he could accomplish all of the tasks he promised to his constituents.  He was always there to help, whether assisting at the senior center or sponsoring an Easter celebration for his stepdaughter.  Vic Kohring is an honest and

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 11

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

industrious individual who made a mistake in judgment and accepted the wrong people, Bill Allen and Rick Smith, as friends.

Because of these legal proceedings, Mr. Kohring is currently unemployed and has incurred additional debt on top of the amount he already owes. He sold his house in Wasilla, liquidated his State benefits, and yet still had to borrow nearly $100,000 from family and friends to fund his defense.

**B.       Family Circumstances**

Mr. Kohring currently resides in Wasilla, Alaska with his 86 year old father, Heinz, and his 77 year old mother, Dolores, both of whom suffer from serious health problems and therefore rely on Mr. Kohring for assistance. Mr. Kohring drives his parents around to do errands and shopping and also drives them to their numerous medical appointments- especially in relation to his father's Alzheimer's disease. Mr. Kohring additionally takes care of vehicle repairs and maintenance on the family home. As his parents are progressing in years, Mr. Kohring anticipates they will soon transition into an assisted care living facility, a process during which they will require his assistance. Mr. Kohring is thus essential to the welfare of his parents.

Mr. Kohring is married to Tatiana Hornal and is the de facto father to his stepdaughter, Anjuta, Tatiana's child from a previous relationship. Tatiana, like Bill Allen's girlfriend, was born and raised in Russia so that Allen and Mr. Kohring came to form a friendship based on their Russian partners. In fact, it was this relationship- not Mr. Kohring's role as legislator- that prompted Allen to provide Mr. Kohring with the money for little Anjuta's Easter celebration. Mr. Kohring had yet to spend an Easter with his stepdaughter due to the length of the legislative session, but in 2006 he finally had his first opportunity. Mr. Kohring's financial problems prevented him from throwing a lavish celebration so friend Bill Allen offered assistance, not a bribe.

As a result of these legal proceedings, Tatiana may file for divorce.

**C.       Related Cases**

Given the outcomes of the related cases already before this Court, Mr. Kohring respectfully submits that a sentence of five years is extreme and disproportionate.

First, in the case of <u>United States v. Anderson</u>, 3:06-cr-00099-JWS, the jury found former State Representative Tom Anderson guilty of seven felony counts involving

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 12

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

corruption in office: three counts of money laundering; two counts of extortion; and one count of each conspiracy and bribery.  At issue was a direct quid pro quo wherein Anderson accepted nearly $26,000 in cash to push the interests of a private prison company. The Court imposed a sentence of five years.

Next, in the case of <u>United States v. Kott</u>, 3:07-cr-00056-JWS, the jury found former House Speaker Pete Kott guilty of: 1) Conspiracy to Commit Extortion under Color of Official Right, Bribery, and Honest Services Wire Fraud, pursuant to 18 U.S.C. § 371; 2) Interference with Commerce by Extortion Induced under Color of Official Right, in violation of 18 U.S.C. § 1951(a); and 3) Bribery Concerning Programs Receiving Federal Funds 18 U.S.C. §§ 666(a)(1)(B) and (2).  The convictions were based on the fact that Mr. Kott received from VECO executives nearly $9,000; the costs of a political poll for his reelection campaign; and the promise of a lobbying job for VECO when he left the legislature.

During the case-in-chief, the government presented a very strong argument supported by compelling evidence of heavy drinking, foul language, and obvious political chicanery.  There is a recording of Mr. Kott saying that he lied, cheated, and stole in order to promote the VECO agenda.  In addition, the Court found that Mr. Kott lied while testifying in his defense and factored into Mr. Kott's sentencing.  The Court imposed a sentence of six years and a fine of $10,000.

As the conduct at issue in both of these cases is far more egregious than Mr. Kohring's criminal conduct, a sentence of five years- the same as Anderson received and only one year less than Kott received- is disproportionately high and therefore excessive.

**VIII. DEFENSE SENTENCING RECOMMENDATION**

Given Mr. Kohring's minimal culpability in comparison with the related cases- and the much weaker evidence; the relatively small financial benefit he actually received, his role in caretaking for his parents, and most importantly, the fact that Mr. Kohring never altered his behavior, the defense hereby recommends that the Court depart from the Guidelines range to impose a split sentence of eight months of incarceration to be followed by eight months of probation.  The defense recommends further that the Court heed the recommendation of Probation Services that Mr. Kohring is financially unable to pay a fine.  <u>See</u> U.S.S.G. § 5E1.2(a) ("The court shall impose a fine in all cases, except

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 13

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

1   where the defendant establishes that he is unable to pay and is not likely to become able

2   to pay any fine").

3       Mr. Kohring is indeed naïve, but he had no intention of breaking the law.  He

    accepted gifts from Bill Allen as a friend, not as a legislator.  The gifts had no impact on

4   Mr. Kohring's decisions and thus caused no harm to the State of Alaska.  The Court

5   should therefore take into account that Mr. Kohring's criminal conduct is aberrant

    behavior and that he is extremely unlikely to reoffend in order to depart beneath the

6   relevant Guidelines range and impose a split sentence of 16 months.

7   **IX. CONCLUSION**

8       For the reasons stated above, Mr. Kohring respectfully requests that the Court

    impose a split sentence of 8 months of incarceration followed by 8 months of probation.

9   This sentence is sufficient, but not too great, to fulfill the purposes of punishment while

10  at the same time acknowledging that Mr. Kohring did not deliberately break the law, but

11  rather naively accepted benefits without properly understanding controlling federal law.

12

13      RESPECTFULLY SUBMITTED this 2nd day of May, 2008.

14

15

            s/ John Henry Browne_____
16          JOHN HENRY BROWNE, WSBA #4677
            Attorney for Defendant
17          821 Second Avenue, Suite 2100
            Seattle, Washington 98104
18          206-388-0777 fax: 206-388-0780
            e-mail: johnhenry@jhblawyer.com
19

20

21

22

23

24

DEFENDANT VICTOR KOHRING'S
SENTENCING MEORANDUM
CASE NO. CR-07-00055-01-JWS
PAGE- 14

1

### CERTIFICATE OF SERVICE

2      I HEREBY CERTIFY that on May 2, 2008, I electronically filed Defendant

3   Victor Heinz Kohring's Motion to Dismiss the Indictment on account of judicial bias

4   with the clerk of the court using the CM/ECF system which will send notification of such

5   filing to the attorneys of record for the defendant and the government.

6      Dated this 2nd day of May, 2008.

7

8

9                                    s/ Lisa A. Earnest
                                     Lisa A. Earnest, Paralegal
10                                   JOHN HENRY BROWNE, #4677
                                     Counsel for the Defense
11                                   821 Second Avenue, Suite 2100
                                     Seattle, Washington 98104
12                                   Phone: 206-388-0777
                                     Fax: 206-388-0780
13                                   Email: lisa@jhblawyer.com

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT VICTOR KOHRING'S                    LAW OFFICES OF JOHN HENRY BROWNE PS
SENTENCING MEORANDUM                          821 SECOND AVENUE, SUITE 2100
CASE NO. CR-07-00055-01-JWS                   SEATTLE, WASHINGTON 98104
PAGE- 15                                      (206) 388-0777 • FAX: (206) 388-0780